IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

STEVEN RUSSELL ANDERSON, SR.,

          Plaintiff,

Vs.                                                     No. 14-2535-SAC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

MEMORANDUM AND ORDER

The plaintiff Steven Russell Anderson, Sr. brings this action asking the court to set aside the defendant's dismissal of his request for an administrative hearing on the termination of his Title II Social Security Disability benefits (SSDI). He argues the defendant's Commissioner's dismissal is "a denial of his right to due process under the Fifth Amendment to the United States Constitution." (Dk. 1, p. 3). The defendant moves the court to dismiss this action for lack of subject matter jurisdiction, because the plaintiff's request for a hearing was untimely by over two and a half years which prevents him from exhausting his administrative remedies and from securing a final reviewable decision. (Dks. 9 and 10). The plaintiff responds that he has raised a viable constitutional claim as a basis for waiving the exhaustion requirement. (Dk. 13). The Commissioner did not file a reply brief addressing any of the plaintiff's arguments.

1

The parties agree that Mr. Anderson's SSDI benefits ceased on January 8, 2008, that he appealed the cessation which was upheld on reconsideration on February 23, 2009, and that he did not request a hearing before an administrative law judge ("ALJ") until January 11, 2012. With his hearing request, Mr. Anderson included a "Statement of Good Cause and Request for Appeal Determination." (Dk. 13-2, p. 19). He stated there that he had not received a reconsideration determination but had been investigated for fraud. He asked that a reconsideration determination be made and that if one had been made then for it to be sent to him. He requested that his statement be treated as an implied request for a hearing on any such determination and that all applicable time limitations concerning it "be waived in consideration of my non-receipt of any such reconsideration notice and the unusually confusing nature of the entire situation, especially with the intervening fraud investigation." *Id*. Counsel for Mr. Anderson also submitted a lengthy letter dated March 27, 2013, with exhibits to "reinforce the bases for finding good cause for the claimant's failure to timely file the request for hearing." (Dk. 13-2). In that letter, counsel reiterated his client's position that the reconsideration determination had never been received and offered the claimant's statement in support. Counsel drew some conclusions from her review of Mr. Anderson's social security file and referred to the claimant's mental condition on which his disability was based and to the fact that he was

not represented by counsel at the time of the reconsideration. Counsel strongly advocated that good cause for the late filing should be found under all these circumstances.

The ALJ on April 4, 2013, issued an order of dismissal of Mr. Anderson's "untimely request for a hearing on January 11, 2012." (Dk. 10-1, pp. 7-9). The ALJ's decision discussed the requirement that a written hearing request must be filed within 60 days of claimant's receipt of notice of the prior determination. (Dk. 10-1, p. 7, citing 20 C.F.R. § 404.933(b)(1)). The regulations define date of receipt of notice to mean five days after the date on the notice, unless the claimant shows he did not receive the notice within that five-day window. (Dk. 10-1, p. 7, 20 C.F.R. § 404.901). If a claimant, however, fails to request a hearing within the required time period, a written request for an extension of time is allowed, but "it must give the reasons why the request for a hearing was not filed." 20 C.F.R. § 404.933(c). If the claimant shows "good cause for missing the deadline," as explained at 20 C.F.R. § 404.911, then the time period is extended. The ALJ's decision cites and applies the above requirements in this discussion:

> The claimant filed the request for hearing more than 65 days, specifically 981 days had passed, after the date of the notice of reconsideration determination, and the claimant has not established that he did not receive this determination within 5 days of this date. Accordingly, the request for hearing was not filed within the stated time period.
>
> In terms of extending the time to file the request, the claimant stated he missed the deadline to request a hearing because he never received a

3

> reconsideration notice, a fraud investigation on his claim made the entire situation unusually confusing, and that due to mental limitations the undersigned is unrestricted by time limits in reopening regulations. The undersigned has considered this explanation under the standards set forth in 20 CFR 404.911 and finds that the claimant has not established good cause for missing the deadline to request a hearing. A notice of reconsideration was mailed to the claimant at his last known address on February 23, 2009. The United States Postal Service did not return the Notice marked undeliverable. The undersigned finds no proof exists that the claimant did not receive the notice of reconsideration. The claimant's credibility, as it pertains to his statement of having not received the notice of reconsideration, is eroded by his former admission of making a false statement. The claimant pleaded guilty, to the United States Tenth Circuit Court of Appeals, of making a false statement in violation of 18 U.S.C. § 1001, and the government dismissed a second count against him for Social Security fraud under 42 U.S.C. § 408(a)(4). The undersigned finds the claimant's allegations that the fraud investigation confused and led to his not timely filing a request for hearing on the reconsideration determination are unsubstantiated because neither the fraud investigation nor his mental limitations prevented him from timely appealing his initial disability cessation. Furthermore, the undersigned does not find the existence of good cause to reopen the prior administrative action.

(Dk. 10-1, pp. 8-9). In sum, the ALJ appears to have been aware of the arguments and matters submitted by Mr. Anderson and his counsel. Nonetheless, the ALJ found the claimant had not shown that his request for reconsideration was timely under 20 C.F.R. § 404.933(b)(1) and that he had good cause for missing the deadline under 20 C.F.R. § 404.911. The ALJ dismissed Anderson's request for a hearing.

Mr. Anderson next requested the Appeals Council to review the ALJ's dismissal order of April 4, 2013. The Appeals Council on January 14, 2014, denied Anderson's request for review and found it had "no reason under

4

our rules to review the Administrative Law Judge's dismissal." (Dk. 10-1, p. 10). On February 28, 2014, Anderson's counsel sent a letter asking the Appeals Council to set aside its prior denial and to provide counsel with a copy of the claimant's disability file and 45 days to submit additional evidence and arguments. (Dk. 10-1, p. 12). The Appeals Council responded on April 18, 2014, that the ALJ did not create a record with exhibits because of the dismissal order and that Anderson had 25 days to submit additional evidence and arguments. *Id.* Anderson's counsel submitted a memorandum on June 5, 2014, along with the lengthy letter and exhibits first submitted by Anderson's former counsel on March 27, 2013. *Id*. Counsel argued the March 27th submission set out claimant's good cause for the late filing and established that Anderson had not received the cessation determination and that his due process rights were accordingly violated. On August 19, 2014, the Appeals Council held:

> The Appeals Council observes that you asserted the same arguments that have previously been addressed in both the Administrative Law Judge's dismissal and the Appeals Council's denial of the request for review of that dismissal. Additionally, the letter from the claimant's former representative, dated March 27, 2013, was in fact in the disability file and considered by the Administrative Law Judge in the dismissal, as well as Appeals Council in the January 14, 2014, denial of the request for review.
> Based on our reopening rules the Council finds no basis to change its decision. This means that the Administrative Law Judge's dismissal, dated April 4, 2013, is the final decision of the Commissioner of the Social Security in the claimant's case.
> Under our rules, the claimant does not have the right to court review of our denial of the request for reopening.

5

(Dk. 10-1, p. 13).

The plaintiff's complaint alleges he "has fully and completely exhausted his administrative remedies" based on the ALJ's dismissal, the Appeals Council's denial of review, and the Appeal Council's denial to reopen. (Dk. 1, ¶ 6). Additionally, the plaintiff alleges:

> The decision of Defendant, that Plaintiff is not entitled to a hearing upon his appeal of the termination of his SSDI, is error as a matter of fact and law, and is a denial of his right to due process under the Fifth Amendment to the United States Constitution. Additionally, the evidence in the record for the period in question established that Plaintiff suffered from impairments of such severity and duration so as to constitute a disability within the meaning of the Social Security Act, as amended, and to entitle Plaintiff to SSDI.

(Dk. 1, ¶ 7). Thus, the plaintiff asserts the court's jurisdiction exists under 42 U.S.C. § 405(g) allowing for review of the defendant's final decision and, specifically, regarding his allegation of the denial of his constitutional right to due process.

A court may dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The burden is with the plaintiff to establish subject matter jurisdiction. Rule 12(b)(1) motions generally will take either of two forms: one, a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or two, a factual attack that goes beyond complaint's allegations and challenges the facts upon

6

which subject matter jurisdiction depends. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). With a facial attack, the "district court must accept the allegations in the complaint as true." *Id*. With a factual attack, "the district court may not presume the truthfulness of the complaint's factual allegations," but it "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*; *see Los Alamos Study Group v. U.S. Dept. of Energy*, 692 F.3d 1057, 1064 (10th Cir. 2012).

"The sole statutory grant of district court jurisdiction to review a denial of social security benefits by the Secretary is 42 U.S.C. § 405(g)." *Bartlett v. Schweiker*, 719 F.2d 1059, 1060 (10th Cir. 1983); *Koerpel v. Heckler*, 797 F.2d 858, 862 (10th Cir. 1986) ("'The requirement that there be a final decision by the Secretary after a hearing was regarded as central to the requisite grant of subject-matter jurisdiction.'" *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975))). A final decision under § 405(g) consists of the waivable or excusable requirement of exhaustion of administrative remedies and the nonwaivable requirement of a Secretary's final decision on a claim for benefits. *Id.* The Tenth Circuit has summarized the Supreme Court's decisions on the waivable element:

> In *Salfi*, the Court recognized that the "final decision" requirement, i.e., exhaustion of administrative remedies, may be waived by the Secretary.

> *Salfi*, *supra* at 764–7, 95 S.Ct. at 2466–67. One year later, the *Mathews* court concluded that the exhaustion requirement could also be excused if three requirements were met: if exhaustion would be futile, irreparable harm resulted, and a colorable constitutional claim which was collateral to the substantive claim of entitlement was raised. *Mathews*, *supra*.

*Koerpel*, 797 F.2d at 862. At the same time, an Appeals Council's "dismissal as untimely is not a decision on the merits or a denial of a request for review by the Appeals Council, both of which constitute final decisions and can be reviewed by the federal district court." *Brandtner v. Department of Health and Human Services*, 150 F.3d 1306, 1307 (10th Cir. 1998) ("Plaintiff did not request administrative review of the ALJ's decision in a timely manner, the Appeals Council dismissed his request for review as untimely, and consequently, there is no 'final decision' for us to review."). The Tenth Circuit follows "the majority of circuit courts in holding that we have no jurisdiction to review a decision when the Appeals Council has dismissed an untimely request for review, because there is no final decision of the Secretary as required under 42 U.S.C. § 405(g)." *Id.* The Tenth Circuit, however, recognizes "there may be limited circumstances where an Appeals Council dismissal of an untimely request for review may be a 'final' decision of the Secretary, such as when a plaintiff raises a constitutional claim of a due process violation." *Id*. at n. 3.

      The Commissioner's motion to dismiss argues that the dismissals and denials by the ALJ and the Appeals Counsel are not final decisions which can be reviewed pursuant to 42 U.S.C. § 405(g). With the ALJ's dismissal for

untimeliness, Mr. Anderson has a binding decision against which he cannot exhaust his administrative remedies in order to obtain a reviewable "final decision" under § 405(g). Finally, the Commissioner argues Mr. Anderson's vague mention of due process is insufficient to state a colorable constitutional claim as an exception to the final decision/exhaustion requirement.

In response, Mr. Anderson concedes he must come within the waiver terms of a colorable constitutional claim. In his complaint, he alleges the denial of due process in that he was not afforded a "hearing upon his appeal of the termination of his SSDI." (Dk. 1, ¶ 7). In his memorandum opposing the Commissioner's motion, Mr. Anderson similarly frames the constitutional claim as a denial of due process "in summarily dismissing Plaintiff's request for an administrative hearing without allowing Plaintiff to present evidence." (Dk. 13, p. 4). Mr. Anderson repeats his former counsel's arguments from the March 27th letter that were presented to and considered by the Commissioner, as well as his affidavit of June 5, 2014, which was submitted to the Appeals Counsel and is consistent with his earlier statements. Mr. Anderson asks the court to review and reject the ALJ's findings and conclusions that notice of the reconsideration determination was sent and that Mr. Anderson's statements to the contrary are lacking in credibility. In short, he asks the court to overturn the ALJ's findings and conclusions made in applying the regulatory procedures and to order the ALJ to grant him a hearing

on the cessation of his SSDI benefits.

At this juncture, the court is to "determine the existence of a constitutional claim as a matter of law, and review the issues of fact underlying the Commissioner's determination for substantial evidence." *Costello v. Barnhart*, 125 Fed. Appx. 920, 922 (10th Cir. Feb. 9, 2010) (citing *Wills v. Secretary, Health & Human Servs.*, 802 F.2d 870, 873 (6th Cir. 1986)); *see Slocum v. Astrue*, 2010 WL 1418409 at *4 (D. Kan. Feb. 9, 2010). The court looks at "whether the correct legal standards were applied." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Persales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). The review for substantial evidence "must be based upon the record taken as a whole" while keeping in mind "evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks and citations omitted).

In nearly the same context as presented here, the Tenth Circuit has laid out the notice requirement for due process:

> Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct.

10

652, 94 L.Ed. 865 (1950). When the name and address of an interested party is known, due process requires notice by mail or equivalent means designed to tender actual notice. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798–800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). This court has held, however, that "due process does not require that the interested party actually receive the notice." *In re Blinder, Robinson & Co.*, 124 F.3d 1238, 1243 (10th Cir. 1997); *see also United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1316 (10th Cir. 1994).

*Costello v. Barnhart*, 125 Fed. Appx. 920, 922 (10th Cir. Jan. 26, 2005). In *Costello*, the claimant argued he did not receive the denial notice as to make a timely appeal to the Appeals Council. The Tenth Circuit did summarize the relevant proceedings below which are significant here:

> On June 9, 2000, the district court reversed and remanded, holding that the record was insufficient to permit an inference of mailing, and that on remand the ALJ should conduct an evidentiary hearing at which "the Commissioner would have an opportunity to present evidence that would permit a reasonable inference that the denial notice dated September 19, 1989 was actually mailed to the plaintiff." Aplt.App. at 332.
> Mr. Bascombe died in October 2000, and Mr. Costello was substituted as the executor of his estate. At an evidentiary hearing held on November 20, 2000, the Commissioner did not present any evidence. In August 2001, however, the ALJ accepted into evidence a letter from Linda Kerr, Program Manager for Kansas Disability Determination Services (the Kansas agency that processes disability claims for the Commissioner), regarding the agency's mailing practices. On November 9, 2001, the ALJ held a supplemental hearing, at which Constance Wold, the director of Kansas Disability Determination Services, testified. In a decision dated April 10, 2002, the ALJ determined that the Commissioner had presented substantial evidence that the denial notice was mailed, and he denied the request to reopen.
> The Appeals Council affirmed, and the district court, noting its limited jurisdiction to review the denial of a motion to reopen Social Security disability proceedings, affirmed. Mr. Costello appeals.

125 Fed. Appx. at 921. These circumstances are noteworthy in how they have

discussed and applied in this district.

In an opinion adopted by Judge Brown, *Slocum v. Astrue*, 2010 WL 1418409 (D. Kan. Feb. 9, 2010), *report and recommendation adopted,* 2010 WL 1418408 (D. Kan. Apr. 6, 2010), there is an extended discussion of these circumstances from *Costello*:

> In the case of *Bascombe v. Apfel*, plaintiff filed an untimely request for reconsideration of his 1989 application for disability. Plaintiff alleged that he never received the initial denial notice. However, the ALJ stated that the record reflected that the denial letter was sent to the same address as all the other correspondence and supplemental security income (SSI) checks. *Bascombe*, Case No. 99–1154 (R. at 16). The Appeals Council affirmed the ALJ's decision not to reconsider or reopen the 1989 application, stating that plaintiff's contention that he did not receive notice of the original denial determination is not established by the evidence, as found by the Administrative Law Judge." *Bascombe* (R. at 5). Judge Belot held that the presence of the denial notice in defendant's file bearing plaintiff's correct name and address, standing alone, is not sufficient evidence to establish that the notice was mailed to the plaintiff. *Bascombe*, Doc. 16 at 5–6. Relying on *Davis* [v. *United States Postal Service*, 142 F.3d 1334 (10th Cir. 1998)], which indicated that there must be some testimony in the record which would permit an inference that the letter was actually mailed, the court remanded the case to the Commissioner in order for the Commissioner to conduct an evidentiary hearing and to make findings as to whether the plaintiff received a copy of the 1989 notice of denial. *Bascombe*, Doc. 17–18.
> Upon remand, the ALJ heard testimony explaining the office procedures concerning the mailing of notices. There was testimony indicating that the address of the claimant was printed on the notice of denial, and that one copy was mailed to the claimant. The record contained a copy of the notice of denial. The file of the plaintiff did not indicate that the letter to the plaintiff was returned. There was further testimony that the procedure was to mail notices to the claimant on either the day of the decision or the next day. Based on this testimony, the ALJ found that the denial notice had been mailed to the claimant. This court held that substantial evidence supported the decision of the ALJ. *Costello*, Case No. 03–1274–WEB (D.Kan. March 31, 2004, Doc. 11). That decision was affirmed in *Costello v. Barnhart*, 125 Fed. Appx.

920 (10th Cir. Jan. 26, 2005).

*Slocum v. Astrue*, 2010 WL 1418409 at *5-*6 (footnote omitted). The district court's approach in *Bascombe* is consistent with the holding in *Davis* that there must be either testimony or an affidavit permitting an inference of actual mailing based on either personal knowledge of the mailing or on the customary mailing practices. *See Slocum*, 2010 WL 1418409 at *6; *cf. Davis*, 142 F.3d at 1340 ("'The rule is well-settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.'" quoting *Hagner v. United States*, 285 U.S. 427, 430 (1932)).

In *Slocum*, the court had before it the administrative record relevant to the due process claim. The court, however, held that:

> because the Appeals Council did not rely on any testimonial or affidavit evidence, and given the somewhat ambiguous nature of the letter of July 1, 2009 and the affidavit of November 10, 2009, the court, unlike the case in *Costello v. Barnhart*, 125 Fed. Appx. 920 (10th Cir.2005), cannot say that the Appeals Council had before it substantial evidence allowing it to reasonably conclude that the agency mailed the denial notice to the plaintiff, and if so, the date on which it was mailed. Therefore, the court will recommend that defendant's motion to dismiss be denied. Furthermore, the court will follow the procedure used in Bascombe and recommend that the case be remanded to the Commissioner in order for the Commissioner to conduct an evidentiary hearing, including testimony and/or affidavits, and to make findings as to whether plaintiff was mailed a copy of the ALJ decision of April 13, 2009, and, if so, the date the notice was mailed. At the hearing, the Commissioner would have an opportunity to present evidence that would permit a reasonable inference that the denial notice was actually mailed to the plaintiff, and the date or approximate date it would have been mailed. Any evidentiary findings would then be subject to subsequent judicial review upon

13

>petition of the plaintiff in order to determine if the decision was supported by substantial evidence. *Stieberger v. Apfel*, 134 F.3d 37, 41 (2d Cir. 1997); *Bascombe*, Case No. 99–1154 (D. Kan. June 9, 2000, Doc. 17–18); *Bellantoni* [*v. Schweiker*,] 566 F. Supp. [313] at 316 [E.D.N.Y. 1983)]; see *Francisco* [*v. Barnhart*], 366 F.Supp.2d [461] at 462, 465, 467–468) [(S.D. Tex. 2004)](The Commissioner filed a motion for summary judgment, alleging that there was no "final decision" of the Commissioner conferring jurisdiction on the court, and further asserting that claimant failed to present a colorable constitutional claim. The court held that it was unable to discern, based on the limited record evidence, whether the notice was provided to the claimant at his correct address. Claimant was therefore found to have sufficiently established a colorable constitutional claim that his right to due process was violated which subjected the matter to judicial review. Defendant's motion for summary judgment was denied, and the case was remanded under sentence four for a hearing before the ALJ to determine if the notice was provided to the claimant at his correct address).

*Id*. at *7 (footnote omitted). Unable to find substantial evidence in the record to support an inference of mailing, the court remanded the case for an evidentiary hearing and findings on whether the claimant was mailed the decision and, if so, when it was mailed. In adopting this opinion, Judge Brown added that, "Due process requires more than an assumption that the correct standard or procedure was followed. Due process requires that the court determine if the notice was mailed to the claimant, and when it was mailed." 2010 WL 1418408 at *1.

Judge Robinson followed the same course in *Gregory-Labrador v. Barnhart*, 2006 WL 4045925 (D. Kan. Dec. 22, 2006). The Commissioner filed a motion to dismiss and submitted an affidavit and documentary exhibits in order to prove that the claimant failed to timely appeal an unfavorable

14

reconsideration determination. The Commissioner's motion to dismiss was denied and the case was remanded for an evidentiary hearing, because the Commissioner's submissions did not include a copy of the notice mailed and because there was no "evidence based upon personal knowledge of mailing of notice to plaintiff or personal knowledge of customary mailing practices at the time relevant and in the office or offices responsible for mailing these notices." 2006 WL 4045925 at *3. The court rejected the ALJ's administrative dismissal order and findings, as there had been no evidentiary hearing conducted and no discussion of whether constitutionally adequate notice had been given.

Finally, Judge Lungstrum has followed the same approach laid out in *Slocum* concluding that the Commissioner's evidence on mailing was insufficient:

> That evidence says nothing to raise an inference that the notice was actually deposited in the mail. The Appeals Council based its finding of no good cause upon a finding that no evidence was submitted by Plaintiff to support her contention that neither she nor her counsel received the notice. . . . The evidence before the court shows nothing whereby the Appeals Council might infer the notice was actually deposited in the mail. Therefore, it may not rely upon the common law presumption that the notice was received, and may not require Plaintiff to provide evidence suggesting otherwise.

*Snow v. Astrue*, 2011 WL 1642520, at *5, 165 Soc. Sec. Rep. Serv. 156 (D. Kan. May 2, 2011).

It is noteworthy that neither side in this case discussed this line of authority governing this issue that has been established in the Kansas federal

15

district courts. The court has been given no reason for not following this line of precedent, and none appears from its reading of the case law or from the facts presented here. Rather, this precedent seems to be on all fours with the facts here. The Commissioner's motion is not supported by substantial evidence from which this court can infer that the reconsideration determination was mailed to Mr. Anderson. There is no copy of the notice of reconsideration determination, and no affidavits or testimony based on personal knowledge proving actual mailing or customary mailing practices. The ALJ's decision contains only the conclusory finding that, "A notice of reconsideration was mailed to the claimant at his last known address on February 23, 2009." The decision does not cite any evidence of record to support this finding. The ALJ's decision simply assumes the mailing occurred and then does no more than point to the absence of evidence undermining the assumption. This is not enough, for all the reasons already noted above.

The court will remand this case to the Commissioner for an evidentiary hearing involving testimony and/or affidavits and to make findings on whether the plaintiff was mailed the notice and reconsideration determination of February 23, 2009, and if so, when it was mailed. At the hearing, the Commissioner will have the opportunity to present evidence that would permit a reasonable inference that the notice and determination was properly addressed and actually mailed to the claimant and the date this was

16

done, if it was. Should the Commissioner decide that the reconsideration determination was not actually mailed to the plaintiff or that substantial evidence does not exist to prove the same or that constitutionally sufficient notice was not provided, then the Commissioner should find good cause and grant the claimant an administrative hearing upon the cessation of his SSID benefits. Should the Commissioner determine that the reconsideration was actually mailed, that substantial evidence exists in proof of mailing and that constitutionally sufficient notice was provided, then its decision and findings will be subject to subsequent judicial review upon a timely petition to determine whether substantial evidence supports that decision and findings.

IT IS THEREFORE ORDERED that the Commissioner's motion to dismiss (Dks. 9 and 10) is denied;

IT IS FURTHER ORDERED that the Commissioner's decision is reversed, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) remanding the case to the Commissioner for an evidentiary hearing as discussed above.

Dated this 13th day of November, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge